# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:15-cr-00140-LJO |
| Plaintiff-Respondent, | MEMORANDUM DECISION AND ORDER DENYING AS MOOT PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE PURSUANT TO 28 U.S.C. § 2255 (ECF No. 51) |
| v. | |
| DEVON DANTE HARRIS, | |
| Defendant-Petitioner. | |

Before the Court is Petitioner Devon Dante Harris's ("Petitioner," "Defendant," or "Harris") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("§ 2255"). ECF No. 51.[1] The United States moved to dismiss. ECF No. 60. Petitioner also filed a motion to dismiss the indictment or charging information "before sentencing on March 27, 2017," ECF No. 55, and a motion for discovery material in order to "prove his innocence" on appeal, ECF No. 56. Petitioner was sentenced on March 27, 2017, and on remand from the Ninth Circuit Court of Appeals, ECF No. 100, this Court entered a Third Amended Judgment and Commitment for Revocation of Supervised Release ("Third Amended Judgment"), ECF No. 101. The Third Amended Judgment imposed a six-month custodial term with no supervised release. ECF No. 101. Petitioner has now been released from custody and is not under supervised release.

The Constitution limits jurisdiction of the federal courts to live cases or controversies. *Flast v.*

---

[1] That filing triggered the opening of a related case, 1:17-cv-00212-LJO, though all filings continued to be docketed in the above-captioned case.

1

*Cohen*, 392 U.S. 83, 96 (1968). "Failure to satisfy Article III's case-or-controversy requirement renders a habeas petition moot." *Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). A petitioner's release from custody does not render a habeas petition moot where there exists a "'possibility' that the sentencing court would use its discretion to reduce a term of supervised release under 18 U.S.C. § 3583(e)(2)." *Mujahid*, 413 F.3d at 995. Where, however, a petitioner has been released from custody and is subject to no term of supervised release, courts lack the ability to provide further relief and the habeas petition is moot. *See Kittel v. Thomas*, 620 F.3d 949, 951–52 (9th Cir. 2010) (habeas petition properly dismissed as moot where there was no legal issue remaining for the court to decide).

Because Petitioner has been released from custody and is subject to no further supervision, there is no relief for this Court to order, and his 2255 petition is moot. In addition, his motion for dismissal of the indictment prior to the March 27, 2017, sentencing is moot because the sentencing has taken place, and his motion for documents to aid his appeal effort is also moot because there is now no appeal to pursue.

Accordingly, **IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to § 2255 (ECF No. 51) is **DENIED AS MOOT**. **IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Indictment or Information (ECF No. 55) and Motion to Produce Discovery Material (ECF No. 56) are **DENIED AS MOOT**. The Clerk of Court is directed to **CLOSE THIS CASE**.

IT IS SO ORDERED.

    Dated: **December 22, 2017**           **/s/ Lawrence J. O'Neill**
                                                UNITED STATES CHIEF DISTRICT JUDGE