# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 1:15-cr-00140-LJO |
| Plaintiff-Respondent, | **ORDER GRANTING IN PART FED. R. CRIM. P. 26 MOTION** |
| v. | ECF No. 106 |
| **DEVON DANTE HARRIS,** | |
| Defendant-Petitioner. | |

On January 6, 2020, Defendant Devon Dante Harris filed a motion under Federal Rule of Criminal Procedure 36. ECF No. 106. The Court, having read and considered the motion carefully in light of the entire, rather confusing history of this case, resolves the motion as follows.

First, Defendant points out that the currently operative Third Amended Judgment and Commitment ("TAJ&C"), ECF No. 101, entered on December 20, 2017, indicates that his sentence was imposed on April 17, 2017, even though he was sentenced on his most recent supervision violation on March 27, 2017. ECF No. 57. Some background is needed to explain this contention. On March 27, 2017, the Court entered the following minute order reflecting the substance of the sentencing:

> MINUTES (Text Only) for proceedings before Chief Judge Lawrence J. O'Neill: SENTENCE RE VIOLATION PETITION as to Devon Dante Harris held on 3/27/2017. Defendant's request to withdraw his 54 MOTION to Withdraw Plea -GRANTED. Supervised release granted on August 27, 2007, is hereby revoked and the defendant is committed to the custody of the Bureau of Prisons for a term of 6 months. Defense counsel request that the remaining custody be served at a halfway house. No objection by USA. Any previously imposed criminal monetary penalties that remain unpaid shall remain in effect. Supervised Release will

1

> continue with all previously ordered conditions. USA Motion to Dismiss
> Charges 2 and 3-GRANTED. The defendant will be released directly to
> the assigned Probation Officer to be transported directly to the Drug
> Treatment Program upon space availability. Appeal Rights Given.
> Government Counsel: Jeffrey Spivak present. Defense Counsel: Carol
> Moses present. Custody Status: CUSTODY.

ECF No. 57. Entry of a "Judgment and Commitment for Revocation of Supervised Release" ("J&C") followed on March 28, 2017. ECF No. 59

The docket reflects that the Court amended the above sentence on April 17, 2017. The minutes from that date indicate, in pertinent part:

> MINUTES (Text Only) for proceedings before Chief Judge Lawrence J.
> O'Neill: RE-SENTENCE RE VIOLATION PETITION as to Devon Dante
> Harris held on 4/17/2017. The Court was notified that no inpatient drug
> treatment program was available that would adequately secure the
> defendant's current drug issues and criminal history. The sentencing
> hearing held on 3/27/2017 is being amended forthwith. Supervised release
> granted on August 27, 2007, is hereby revoked and the defendant is
> committed to the custody of the Bureau of Prisons for a term of 18
> months. No supervision to follow. Appeal Rights Given. Government
> Counsel: Ross Pearson present. Defense Counsel: Carol Moses present.
> Custody Status: CUSTODY.

ECF No. 68. A "First Amended Judgment and Commitment" ("FAJ&C") followed on April 18, 2017. ECF No. 73. The FAJ&C was amended that same day to reflect the recommendation of a facility in Texas. ECF No. 74 ("Second Amended Judgment and Commitment ("SAJ&C")).

As the Court of Appeals indicated in its December 19, 2017 Order, the Court lacked jurisdiction to amend the March 17, 2017 J&C. ECF No. 100. Therefore, on December 20, 2017, the Court entered a Third Amended Judgment and Commitment ("TAJ&C"), in accordance with the Appellate Court's specific instructions to reflect a six-month custodial term with no term of supervised release. ECF No. 101.

Defendant appears to be concerned about two things. First, as mentioned, he points out that the TAJ&C indicates that the "date of imposition of sentence" indicates "4/17/2017." Defendant is correct that this is a typographical error, likely caused by the confusing docket in this matter. The Court may

1 and will correct that typographical error pursuant to Federal Rule of Criminal Procedure 36 to reflect
2 that the date of imposition of sentence was March 27, 2017.

Defendant's other concern is with the way in which the Court has named the various Judgments and Commitments entered in this case. Defendant appears to be requesting that the Court strike from its record those Judgments the Ninth Circuit indicated it lacked jurisdiction to enter. There is no rule requiring the Court to do so and the Court declines to do so because the label attached to the Judgments makes no practical difference to Defendant.

In sum, Defendant's motion is GRANTED in part. The Clerk of Court is directed to amend the judgment to reflect the sentence date of March 27, 2017.

IT IS SO ORDERED.

Dated: **January 30, 2020**        **/s/ Lawrence J. O'Neill**
                                   UNITED STATES DISTRICT JUDGE